IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

B.H. and K.H., Individually and on Behalf
of D.H., et al.,

    Plaintiffs,

 v.            Civil Action 2:24-cv-3966
                  Judge Sarah Daggett Morrison
                  Magistrate Judge Kimberly A. Jolson

Ohio Department of Education and
Workforce, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym. (Doc. 2). For the following reasons, the Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiffs, B.H. and K.H., individually and on behalf of their child, D.H., and all others similarly situated, initiated the present action September 23, 2023. (Doc. 1). In short, Plaintiffs allege that the Ohio Department of Education and Workforce ("DEW") failed to provide students placed at the Warren County Educational Service Center ("WCESC") and their parents procedural safeguards and due process rights they are afforded under the Individuals with Disabilities Education Act ("IDEA"). (*Id.* at ¶ 2). They say this failure led to substantial educational harm and the denial of free and appropriate public education to D.H. and students with disabilities placed at WCESC. (*Id.*). Plaintiffs bring the present Motion to proceed under pseudonyms during this litigation. (Doc. 2).

**II.     STANDARD**

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). Yet the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

**III.    DISCUSSION**

According to Plaintiffs, D.H. has a substantial privacy right which outweighs the presumption of disclosure. (Doc. 2). And by extension, his parents, as "identifying D.H.'s parents would necessarily identify D.H." (*Id.* at 2). The Court agrees.

The first *Porter* factor is satisfied because this suit challenges governmental activity. In the Complaint, Plaintiffs name the Ohio Department of Education and Workforce as well as Stephen Dackin in his official capacity as director of DEW as Defendants. (*See* Doc. 1).

The application of the second factor—whether this litigation will disclose information of the utmost intimacy—also favors Plaintiffs' request. Here, Plaintiffs say the administrative record

2

and the complaint disclose "specific and confidential information related to D.H.'s disabilities and educational records." (Doc. 2 at 3; *see* Doc. 1 at ¶¶ 27, 88–100). Plaintiffs cite no cases to support this factor. Still, in the context of this case, the Court concludes that this constitutes information of the utmost intimacy. *See J.W. v. D.C.*, 318 F.R.D. 196 (D.D.C. 2016) (allowing plaintiffs to proceed anonymously when disclosure would allow the public to easily uncover a minor's confidential educational record, mental health records, and personally identifiable information). Plus, the "IDEA requires that the federal government and state and local education agencies 'ensure the protection of the confidentiality of any personally identifiable data, information, and records' . . . [including] 'the name of the child [and] the child's parent.'" *Id.* (citing 20 U.S.C. § 1417(c) and 34 C.F.R. § 300.32) (cleaned up).

Concerning the fourth factor, D.H. is a minor. (Doc. 2 at 2; Doc. 1 at ¶ 27). Courts routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity. *See, e.g.*, *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."); *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."); *see also* Fed. R. Civ. P. 5.2(a)(3).

Finally, allowing Plaintiffs to proceed under pseudonyms will not hinder Defendants' ability to litigate this case. Plaintiffs state that Defendants were provided with their identities during the initial due process proceedings. (Doc. 2 at 3; Doc. 1 at ¶ 12 (alleging B.H. and K.H. filed a due process complaint and request for a hearing on behalf of D.H., per the Ohio Administrative Code § 3301-51-05 (K)); *see Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016)

3

(allowing a minor to proceed anonymously, in part, because there was no question the parties knew her true identity when she previously filed an administrative complaint)).

Given the weight of the factors, the balance of the litigants' interests in nondisclosure outweighs the public's right to access court proceedings.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 2) is **GRANTED**.

Date: September 25, 2024

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE